UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

James S. Pomeroy, Sr.,
    Plaintiff,

v.

CIVIL ACTION
NO. 03-40283-FDS

Ashburnham Westminster
Regional School District,
    Defendant,

## REPLY TO MOTION FOR MORE DEFINITE STATEMENT

The plaintiff respectfully responds to this referenced request for more definite statement of plaintiff's claims and to specify relief sought by the plaintiff as follows:

    1.    James S. Pomeroy Jr.'s procedural right to due process was violated by actions of the defendant as follows:

        A)    The letter dated June 10, 2003 from the defendant to Mr. and Mrs. James Pomeroy regarding James S. Pomeroy Jr.'s suspension from school stated in part "This letter is to inform you that your son James has been placed on a ten-day out-of-school suspension for violation of the Oakmont Chemical Health Policy, found on page 12 of the Oakmont Student Handbook...... Due to the seriousness of the above offense .....an expulsion hearing with the Superintendent of Schools is scheduled for Friday, June 20, 2003 at 8:30 am." (attachment A). As per the defendant's own handbook (attachment B), and this letter they sent home, cases of disciplinary hearings involving "violations of chemical health policy" are EXPULSION HEARINGS, not "short disciplinary suspensions" as stated in the defendant's motion. This notification should have contained all the rights due the student during the expulsion process, per MGL Ch. 71, Sec 37H and Sec. 37H1/2, and it did not. So the letter was not proper notice. This fact is supported by the Commonwealth of Massachusetts, Department of Education letter of findings (attachment C) to the defendant regarding this case. This was not a "short disciplinary suspension"; it was an expulsion hearing that resulted in an expulsion. Therefore, the plaintiff argues that the defendant's statements and case law references in section 1 of the motion to dismiss stating that due process was followed are incorrect.

        The Plaintiff contends that James S. Pomeroy Jr. was entitled to full due process under <u>Goss v. Lopez,</u> as well as the following due process, per page 15 of the Oakmont Student Handbook under Expulsion:
            1.   written notice of the charges

2. the right to be represented by a lawyer or advocate ( at the student's expense)
3. adequate time to prepare for the expulsion hearing
4. access to documented evidence before the hearing
5. the right to question witnesses
6. a reasonably prompt, written description including specific grounds for the decision

Procedure #2 from above was denied when defendant informed plaintiff via phone that "if you bring a lawyer to the hearing, I will not attend (Mr. W. Waight)" and "We are not going to bring in all these people you requested for this hearing…it will be you and the school staff".

Procedure #3 – Was denied until Plaintiff had to insist with defendant in writing (attachment D and E) that more time to prepare for the hearing was needed. As Plaintiff and the Oakmont Student Handbook disagreed with defendant's assertions that legal representation and witnesses should not be present.

Procedure #4 was denied initially until Plaintiff insisted in writing on June 13, 2003 that more time and copies of "evidence/supporting documentation" were needed.

Procedure #5 was completely denied, both initially in preparing for the hearing, and during the actual hearing itself. James S. Pomeroy Sr and James S. Pomeroy Jr. had to leave the room during the hearing while the "witnesses" were asked questions. This fact is supported by the recording tape of the June 24, 2003 hearing. A legal representative from the A.C.L.U. advised plaintiff that James S. Pomeroy Jr.'s rights to due process were being violated by the defendant. This attorney also contacted the defendant prior to the June 24th hearing and told them they would be denying due process to James S. Pomeroy Jr. by denying him witnesses, legal representation, evidence in advance etc., for the coming hearing. The defendant still chose to deny us witnesses, proper access to them for questions, etc.

On page 3 of defendant's motion, paragraph one, sentence two, states "As the suspension was allegedly imposed on June 10, near the end of the school year, it seems likely the suspension was one of short duration". The Plaintiff strenuously refutes this contention as evidenced by the fact that the defendant refused at the hearing to accept the letter from a certified drug counselor that is required by the defendant under suspension guidelines. This clearly showed it was not likely to be a short suspension, but was in fact an expulsion. In addition, even though the defendant repeatedly told the plaintiff no witnesses could be present, the defendant brought their own witnesses to the hearing, with no prior notification to plaintiff. Witnesses would not be questioned with James S. Pomeroy Sr or Jr. in the room. This is further proof the hearing was NOT likely to be a short suspension, but was to be a permanent expulsion.

The defendant's motion to dismiss on page three item one asks for proof of lack of a hearing, Plaintiff contends hearing was completely improper due to the lack of proper

The court has further recognized that, as an exception to these rules, emergency circumstances could exist under which a student could be immediately suspended, if posing a physical threat to persons or property. In such cases, however, the hearing will be scheduled as soon after the suspension as possible.

Any student suspended three (3) times in a school year or for nine (9) days will meet with the principal to discuss his/her continued status at Oakmont.

Any student suspended five (5) times in a school year or accumulating more than fifteen (15) days of suspension time will have his record reviewed at an expulsion hearing with the Superintendent.

### Expulsion

Expulsion is the result of the most serious offenses as it denies educational access at Oakmont. Students violating our Chemical Health Policy or School Reform Law 37H/37 H1/2 (see Appendix A), or repeatedly violating school rules, and/or disrupting the educational process, and/or harming other members of the school community, may be subject to an expulsion hearing with a recommendation for permanent removal from the school.

The procedural rights for students facing expulsion include:

1. written notice of the charges
2. the right to be represented by a lawyer or advocate (at the student's expense)
3. adequate time to prepare for the expulsion hearing
4. access to documented evidence before the hearing
5. the right to question witnesses
6. a reasonably prompt, written decision including specific grounds for the decision

### Disciplinary Guidelines

Five levels of disciplinary violations, along with the consequences for breaking school rules, have been established (page 16). It should be noted, however, that the listing of these violations cannot anticipate every eventuality that would require a written policy. Where such policies do not exist, the administration will formulate and recommend them, and they will be considered in effect until modified or rejected by the School Committee.

### Disciplinary Offense Code Levels

#### LEVEL I

Unexcused tardy to school; tardy to homeroom, or class; misconduct in class, or out of class; pass violations; refusal to sign detention; truancy; public display of affection; and loitering.

1st Offense = 1 teacher or administrative detention
2nd Offense = 2 teacher or administrative detentions
3rd Offense = 3 teacher or administrative detentions

#### LEVEL II

Failure to be in assigned area; truancy; failure to attend assigned teacher or administrative detention; referral to an administrator for disruptive or inappropriate behavior in class, or out of class; forgery; and false identification.

1st Offense = 3 administrative detentions
2nd Offense = 5 administrative detentions
3rd Offense = 2 day suspension

#### LEVEL III

Leaving or returning to school grounds without permission; vulgar, obscene or defamatory language; accumulation of minor infractions; accumulation of tardies; insubordination.

1st Offense = 2 day suspension
2nd Offense = 3 day suspension
3rd Offense = 5 day suspension

#### LEVEL IV

Gross disrespect to persons of authority by word or action; assault; fighting; threats; accumulation of administrative detentions; harassment; nonconformity to school rules.

1st Offense = 3 day suspension
2nd Offense = 5 day suspension
3rd Offense = [illegible] suspension for up to ten days and referral to the Superintendent

15



# The Commonwealth of Massachusetts
# Department of Education

350 Main Street, Malden, Massachusetts 02148-5023        Telephone: (781) 338-3700

October 7, 2003

Stratos G. Dukakis
Interim Superintendent of Schools
Ashburnham-Westminister Regional School District
11 Oakmont Drive
Ashburnham, MA. 01430

                                              RE: Intake Number: #03-1148
                                   Student or Group Name: James Pomeroy, Jr.

Dear Superintendent Dukakis:

On July 2, 2003 the Massachusetts Department of Education received a written statement of concern from James Pomeroy involving the Ashburnham-Westminster School District. The issues included in the signed statement are summarized as follows:

> The complainant alleges that his son, a sixteen year old, regular education student enrolled at Oakmont Regional High School [Ashburnham-Westminster Regional School District] was suspended February 28, 2003 for the alleged distribution of drugs.

> The complainant alleges that the student was denied due process during this disciplinary action and that suspension and/or expulsion steps outlined in the Oakmont High School Handbook were not followed by the school administration.

The following steps were taken by the Department:

- Review of the school district's internal investigation, as well as all other documentation provided by both parties

- Requested the school district to submit written documentation of the actions taken by the district regarding compliance with the applicable requirements

- Spoke with the parents and school officials on issues pertaining to this matter

- Consulted with governing state and federal regulations

- Consulted with Program Quality Assurance staff

*Attachment*

*Full Print*

## Commonwealth of Massachusetts
### The Trial Court
### Probate and Family Court Department

**Worcester** Division

Docket No. 03P3568AD1

Filed Dec 4, 2003

**Administration With/Without Sureties**

Name of Decedent __James S. Pomeroy, Jr.__

Domicile at Death __79 West Shore Drive__ __Ashburnham__ __Worcester__ __01430__
(Street and No.) (City or Town) (County) (Zip)

Date of Death __7/10/03__

Name and address of Petitioner(s) __James S. Pomeroy and Susan Pomeroy__
__79 West Shore Drive, Ashburnham, MA 01430__

Status __Parents__

**Heirs at law or next of kin of deceased including surviving spouse:**

| Name | Residence (minors and incompetents must be so designated) | Relationship |
|---|---|---|
| James S. Pomeroy | 79 West Shore Drive Ashburnham, MA | Father |
| Susan Pomeroy | 79 West Shore Drive Ashburnham, MA | Mother |

✓ The petitioner(s) hereby certify that a copy of this document, along with a copy of the decedent's death certificate has been sent by <u>certified mail</u> to the **Department of Public Welfare, P.O. Box 86, Essex Station, Boston, Massachusetts 02112.**

Petitioner(s) pray(s) that ~~he/she~~/they or ~~some other suitable person~~ of __Ashburnham__ in the county of __Worcester__ be appointed administrators of said estate with/without surety on his/her/their bond(s) and certify under the penalties of perjury that the foregoing statements are true to the best of his/her/their knowledge and belief.

Date __11/17/03__ Signature(s) _[signed] James S. Pomeroy_
_[signed] Susan Pomeroy_

The undersigned hereby assent to the foregoing petition.

### DECREE

All persons interested having been notified in accordance with the law or having assented and no objections being made thereto, it is decreed that __JAMES S. PPMEROY AND SUSAN POMEROY__ __BOTH__ of __ASHBURNHAM__ in the County of __WORCESTER__ be appointed administrators of said estate first giving bond with __out__ sureties for the due performance of said trust.

Date __February 2, 2004__

_[signed] Joseph L. Hart, Jr./cde_
JUSTICE OF THE PROBATE AND FAMILY COURT

✓ JP