UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

James S. Pomeroy, Sr.,
    Plaintiff,

v.

Ashburnham Westminster
Regional School District,
    Defendant,

CIVIL ACTION
NO. 03-40283-FDS

## REPLY TO MOTION FOR MORE DEFINITE STATEMENT

The plaintiff respectfully responds to this referenced request for more definite statement of plaintiff's claims and to specify relief sought by the plaintiff as follows:

    1.    James S. Pomeroy Jr.'s procedural right to due process was violated by actions of the defendant as follows:

        A)    The letter dated June 10, 2003 from the defendant to Mr. and Mrs. James Pomeroy regarding James S. Pomeroy Jr.'s suspension from school stated in part "This letter is to inform you that your son James has been placed on a ten-day out-of-school suspension for violation of the Oakmont Chemical Health Policy, found on page 12 of the Oakmont Student Handbook...... Due to the seriousness of the above offense .....an expulsion hearing with the Superintendent of Schools is scheduled for Friday, June 20, 2003 at 8:30 am." (attachment A). As per the defendant's own handbook (attachment B), and this letter they sent home, cases of disciplinary hearings involving "violations of chemical health policy" are EXPULSION HEARINGS, not "short disciplinary suspensions" as stated in the defendant's motion. This notification should have contained all the rights due the student during the expulsion process, per MGL Ch. 71, Sec 37H and Sec. 37H1/2, and it did not. So the letter was not proper notice. This fact is supported by the Commonwealth of Massachusetts, Department of Education letter of findings (attachment C) to the defendant regarding this case. This was not a "short disciplinary suspension"; it was an expulsion hearing that resulted in an expulsion. Therefore, the plaintiff argues that the defendant's statements and case law references in section 1 of the motion to dismiss stating that due process was followed are incorrect.

    The Plaintiff contends that James S. Pomeroy Jr. was entitled to full due process under <u>Goss v. Lopez,</u> as well as the following due process, per page 15 of the Oakmont Student Handbook under Expulsion:
        1.  written notice of the charges

    2. the right to be represented by a lawyer or advocate ( at the student's expense)
    3. adequate time to prepare for the expulsion hearing
    4. access to documented evidence before the hearing
    5. the right to question witnesses
    6. a reasonably prompt, written description including specific grounds for the decision

Procedure #2 from above was denied when defendant informed plaintiff via phone that "if you bring a lawyer to the hearing, I will not attend (Mr. W. Waight)" and "We are not going to bring in all these people you requested for this hearing…it will be you and the school staff".

Procedure #3 – Was denied until Plaintiff had to insist with defendant in writing (attachment D and E) that more time to prepare for the hearing was needed. As Plaintiff and the Oakmont Student Handbook disagreed with defendant's assertions that legal representation and witnesses should not be present.

Procedure #4 was denied initially until Plaintiff insisted in writing on June 13, 2003 that more time and copies of "evidence/supporting documentation" were needed.

Procedure #5 was completely denied, both initially in preparing for the hearing, and during the actual hearing itself. James S. Pomeroy Sr and James S. Pomeroy Jr. had to leave the room during the hearing while the "witnesses" were asked questions. This fact is supported by the recording tape of the June 24, 2003 hearing. A legal representative from the A.C.L.U. advised plaintiff that James S. Pomeroy Jr.'s rights to due process were being violated by the defendant. This attorney also contacted the defendant prior to the June 24th hearing and told them they would be denying due process to James S. Pomeroy Jr. by denying him witnesses, legal representation, evidence in advance etc., for the coming hearing. The defendant still chose to deny us witnesses, proper access to them for questions, etc.

On page 3 of defendant's motion, paragraph one, sentence two, states "As the suspension was allegedly imposed on June 10, near the end of the school year, it seems likely the suspension was one of short duration". The Plaintiff strenuously refutes this contention as evidenced by the fact that the defendant refused at the hearing to accept the letter from a certified drug counselor that is required by the defendant under suspension guidelines. This clearly showed it was not likely to be a short suspension, but was in fact an expulsion. In addition, even though the defendant repeatedly told the plaintiff no witnesses could be present, the defendant brought their own witnesses to the hearing, with no prior notification to plaintiff. Witnesses would not be questioned with James S. Pomeroy Sr or Jr. in the room. This is further proof the hearing was NOT likely to be a short suspension, but was to be a permanent expulsion.

The defendant's motion to dismiss on page three item one asks for proof of lack of a hearing, Plaintiff contends hearing was completely improper due to the lack of proper

notice, lack of due process items outlined above and therefore not a valid hearing for suspension.

Item two asks for duration of the suspension imposed. A permanent Expulsion was imposed. (attachment F)

Item three asks for evidence that hearing rights discussed in <u>Goss</u> were inadequate. Limited hearing rights referenced in <u>Goss</u> apply only to "short disciplinary suspension hearings", not to Expulsion hearings. The Handbook and letter stated it was an Expulsion hearing, so full rights to due process similar to a criminal case should apply. The defendant contacted the local police and requested they appear at the school to question James S. Pomeroy Jr. because they said it was a criminal matter.

Item four asks for the measures denied to the deceased plaintiff. He was denied federally or constitutionally mandated measures under The Federal Constitution Amendment number eight providing him protection from excessive punishment. He was removed from school without a proper hearing. Amendment number four was violated as James S. Pomeroy Jr. was illegally searched by the defendant.

2) The defendant asks for a statement of the relief being sought by the plaintiff. Regarding Injunctive relief, plaintiff desires school records to be amended to reflect that the expulsion and prior suspension were "invalid". The Plaintiff at the time of filing the complaint was instructed by the court clerk that amount of monetary damages being sought could be left blank at this time. This meant that the court would decide the amount of the damages due at a later time. In the absence of this option, plaintiff seeks $686,000.00 in monetary relief for violation of James S. Pomeroy Jr.'s civil rights under due process.

3) Defendant requests proof of plaintiff's standing in the case. Attached please find a copy of the official probate document naming James S. Pomeroy Sr. as executor of the estate of James S. Pomeroy Jr. (attachment G). Please note that this document was previously submitted to defendant's counsel when it was requested in the initial motion to dismiss.

                                             Respectfully Submitted,

                                             The Plaintiff,
                                             James S. Pomeroy Sr.
                                             Pro se litigant

                                             Dated January 6, 2005



OAKMONT REGIONAL HIGH SCHOOL
9 Oakmont Drive
Ashburnham, MA 01430

(978)827-5907
(978)827-1413 Fax

William A. Waight II, Principal
D. Jeff Lawrence, Vice Principal
Linda DiGeronimo, Dean of Students

June 10, 2003

Mr. and Mrs. James Pomeroy
79 West Shore Drive
Ashburnham, MA 01430

RE: Notification of Suspension from School

Dear Mr. and Mrs. Pomeroy:

This letter is to inform you that your son James has been placed on a ten-day out-of-school suspension for violation of the Oakmont Chemical Health Policy.

The Oakmont Chemical Health Policy, found on page 12 of the Oakmont Student Handbook, states that: "During the school year, a student shall not regardless of the quantity, use or consume, possess, *buy/sell or give away* any beverage containing alcohol, any tobacco product, or any *controlled substance* while under school jurisdiction. The use of, attendance after use of, or possession of intoxicants, drugs, alcohol and/or any controlled substance at school functions or while under school jurisdiction is prohibited. It will result in a minimum ten-day suspension from school and/or recommendation for expulsion from school."

Due to the seriousness of the above offense and the fact that this same action has been repeated since March an expulsion hearing with the Superintendent of Schools is scheduled for Friday, June 20, 2003 at 8:00 A.M. In light of James's repeated violation of Oakmont's Chemical Health Policy, he must be seen by a certified drug abuse counselor to address any continuing substance issues. A written evaluation from this counselor must be presented on or before the hearing date. You may direct any questions to me at 827-5907.

Sincerely,

Bill Waight
William Waight
Principal

D. Jeff Lawrence
Vice Principal

DJL/gk
cc: Superintendent of Schools

The court has further recognized that, as an exception to these rules, emergency circumstances could exist under which a student could be immediately suspended, if posing a physical threat to persons or property. In such cases, however, the hearing will be scheduled as soon after the suspension as possible.

Any student suspended three (3) times in a school year or for nine (9) days will meet with the principal to discuss his/her continued status at Oakmont.

Any student suspended five (5) times in a school year or accumulating more than fifteen (15) days of suspension time will have his record reviewed at an expulsion hearing with the Superintendent.

**Expulsion**

Expulsion is the result of the most serious offenses as it denies educational access at Oakmont. Students violating our Chemical Health Policy or School Reform Law 37H/37 H1/2 (see Appendix A), or repeatedly violating school rules, and/or disrupting the educational process, and/or harming other members of the school community, may be ~~subject to a disciplinary hearing with a~~ recommendation for permanent removal from the school.

The procedural rights for students facing expulsion include:

1. written notice of the charges
2. the right to be represented by a lawyer or advocate (at the student's expense)
3. adequate time to prepare for the expulsion hearing
4. access to documented evidence before the hearing
5. the right to question witnesses
6. a reasonably prompt, written decision including specific grounds for the decision

**Disciplinary Guidelines**

Five levels of disciplinary violations, along with the consequences for breaking school rules, have been established (page 16). It should be noted, however, that the listing of these violations cannot anticipate every eventuality that would require a written policy. Where such policies do not exist, the administration will formulate and recommend them, and they will be considered in effect until modified or rejected by the School Committee.

**Disciplinary Offense Code Levels**

**LEVEL I**

Unexcused tardy to school; tardy to homeroom, or class; misconduct in class, or out of class; pass violations; refusal to sign detention; truancy; public display of affection; and loitering.

   1st Offense = 1 teacher or administrative detention
   2nd Offense = 2 teacher or administrative detentions
   3rd Offense = 3 teacher or administrative detentions

**LEVEL II**

Failure to be in assigned area; truancy; failure to attend assigned teacher or administrative detention; referral to an administrator for disruptive or inappropriate behavior in class, or out of class; forgery; and false identification.

   1st Offense = 3 administrative detentions
   2nd Offense = 5 administrative detentions
   3rd Offense = 2 day suspension

**LEVEL III**

Leaving or returning to school grounds without permission; vulgar, obscene or defamatory language; accumulation of minor infractions; accumulation of tardies; insubordination.

   1st Offense = 2 day suspension
   2nd Offense = 3 day suspension
   3rd Offense = 5 day suspension

**LEVEL IV**

Gross disrespect to persons of authority by word or action; assault; fighting; threats; accumulation of administrative detentions; harassment; nonconformity to school rules.

   1st Offense = 3 day suspension
   2nd Offense = 5 day suspension
   3rd Offense = ~~suspension for up to 10 days and referral to the Superintendent~~

15

# The Commonwealth of Massachusetts
# Department of Education

350 Main Street, Malden, Massachusetts 02148-5023     Telephone: (781) 338-3700

October 7, 2003

Stratos G. Dukakis
Interim Superintendent of Schools
Ashburnham-Westminister Regional School District
11 Oakmont Drive
Ashburnham, MA. 01430

RE: Intake Number: #03-1148
Student or Group Name: James Pomeroy, Jr.

Dear Superintendent Dukakis:

On July 2, 2003 the Massachusetts Department of Education received a written statement of concern from James Pomeroy involving the Ashburnham-Westminster School District. The issues included in the signed statement are summarized as follows:

> The complainant alleges that his son, a sixteen year old, regular education student enrolled at Oakmont Regional High School [Ashburnham-Westminster Regional School District] was suspended February 28, 2003 for the alleged distribution of drugs.
>
> The complainant alleges that the student was denied due process during this disciplinary action and that suspension and/or expulsion steps outlined in the Oakmont High School Handbook were not followed by the school administration.

The following steps were taken by the Department:

- Review of the school district's internal investigation, as well as all other documentation provided by both parties

- Requested the school district to submit written documentation of the actions taken by the district regarding compliance with the applicable requirements

- Spoke with the parents and school officials on issues pertaining to this matter

- Consulted with governing state and federal regulations

- Consulted with Program Quality Assurance staff

The Department's inquiries indicate that noncompliance continues to exist, and we are advising the Ashburnham-Westminster School District now of this finding, as well as of the required corrective action which must be implemented. Our findings and required corrective actions are as follows:

FINDINGS:

Documentation submitted by the district indicates that on February 28, 2003 and on June 10, 2003, the student received two ten-day out-of-school suspensions for the buying/selling or giving away of a controlled substance in violation of the Oakmont Regional High School's Chemical Health Policy. In both incidences, the district sent out written notification to the parents that informed them of the suspension, the reason for the suspension and the date that the readmission and/or expulsion hearing would be conducted. However, the written notification did not contain the student's right to due process regarding the right to appeal, the right to legal representation, the right to present evidence and witnesses at a hearing and the process for appealing the suspension to the superintendent in accordance with Massachusetts General Laws(M.G.L.) Ch. 71, Sec. 37H and Sec. 37H 1/2. In addition, the district's notification letter did not include the following procedural rights that are afforded to a student facing possible expulsion pursuant to Goss v. Lopez, 419 U.S. 565(1975): access to documented evidence prior to the hearing, right to legal representation, adequate time to prepare for the hearing and right to request witnesses to attend the hearing.

The Department's review of the expulsion policy in the Oakmont Regional High School's student handbook states the procedural rights afforded to students facing expulsion pursuant to M.G.L. Ch. 71, Sec. 37H and 37 H1/2. The student and parent signed that they were in receipt of the above student handbook on September 9, 2002. However, the district's investigation report did not provide documented evidence that the student and parents were afforded due process in accordance with the high school student handbook and pursuant to M.G.L. Ch. 71, Sec. 37H and 37 H1/2 and Goss v. Lopez, 419 U.S. 565(1975).

CORRECTIVE ACTION WHICH MUST BE IMPLEMENTED:

1. The district must review the procedural requirements with the High School Principal and Vice Principal regarding the provision of due process to a student facing suspension/expulsion as outlined in the Oakmont Regional High School's student handbook and pursuant to M.G.L. Ch. 71, Sec. 37H and 37 H1/2 and Goss v. Lopez, 419 U.S. 565(1975).

Please provide an agenda and signed attendance sheet from the review.

2. The district must revise the written notification provided to parents and students regarding suspension/expulsion and the Student Rights and School Suspension Policy in the high school student handbook to be consistent with

the procedural requirements in accordance with M.G.L. Ch. 71, Sec. 37H and 37 H1/2 and Goss v. Lopez, 419 U.S. 565(1975).

Please provide a copy of the revised written notification regarding suspension/expulsion and a copy of the revised Student Rights and School Suspension section of the Oakmont Regional High School's student handbook.

Please provide the Department of Education with the required Corrective Action Plan pursuant to these findings no later than **October 27, 2003**. A standard response form is enclosed for your use in responding to these requests.

**Additionally, you are required to send a copy of the Corrective Action Plan to the person who registered this concern.**

Please also note that for matters related to special education the parties may seek mediation and/or a hearing through the Bureau of Special Education Appeals on the same issues addressed in this letter. Such a hearing, however, is a new proceeding and is not for the purposes of reviewing the Department's decision on this complaint. Any order or decision issued by the Bureau of Special Education Appeals on the issues raised in this complaint would be binding.

I would be pleased to provide further clarification of all information and requirements noted above if you find it necessary. Please call (781) 338-3731.

Sincerely,

Donna Feinberg
Education Specialist
Program Quality Assurance Services

George K. Haile
Supervisor
Program Quality Assurance Services

enclosures:   Signed Statement
              Response Form
c:    James Pomeroy
      Stratos G. Dukakis, Interim Superintendent
      Sharon Whitsey, Intake Coordinator

LOF.PRS\

(REV. 10/12/00)

**MASSACHUSETTS DEPARTMENT OF EDUCATION**
**Educational Improvement Group**
**Program Quality Assurance Services**

School District/Private School/Collaborative:
Ashburnham-Westminster

**CORRECTIVE ACTION PLAN**
In Response to Intake #03-1148

Name of Student or Group: _____

Response Prepared by: _____ Date: _____

> The Corrective Action Plan must include a statement of the steps taken to remedy the identified noncompliance issues, any plan of compensatory services offered, together with completion date(s), persons responsible and copies of information documenting implementation of the Corrective Action Plan. A copy of this Corrective Action Plan also must be sent to the person registering this concern with the Department.

Page ___ of ___

Attachment D



Mr. Charles Thibodeau                                  June 13, 2003
District Superintendent
AWRSD
2 Narrows Road – Suite 101
Westminster, MA 01473-1619

Mr. Thibodeau,

I am writing in regards to the 10 day suspension given to my son James Pomeroy at Oakmont Regional High School. I received your phone message today stating that the expulsion hearing next week will suffice, but it will not. As per the student handbook, "The procedural rights of students facing expulsion include...access to documented evidence before the hearing and adequate time to prepare for the expulsion hearing". I am therefore requesting a meeting before the expulsion hearing in order to access the evidence that the school has used in suspending James. Please contact me to arrange for a date and time so that I may review this evidence.

Sincerely,

Susan Pomeroy

*Attachment E*



Mr. Charles Thibodeau
District Superintendent
AWRSD
2 Narrows Road – Suite 101
Westminster, MA 01473-1619

June 19, 2003

Mr. Thibodeau,
I am writing in regards to our son James Pomeroy's suspension from Oakmont High School. Upon receiving the "evidence" that you gave me this morning that was used as a basis to suspend James it is obvious there are several problems. James was interviewed extensively and forcefully by Mr. Lawrence and Mr. Waight and was clear in maintaining his innocence of these charges. He did not violate Oakmont High School chemical policy at any time. Mr. Lawrence and Mr. Waight have chosen to give no credence to the statements made by myself, my son James, and my husband when we met with them.

I see no credible independent evidence against James to prove the charges you have made. We also have experienced a pattern of lack of due process. We were denied our right, as per the student handbook, to see this "evidence" or any other statements made against James when James was suspended in March. You told me on June 13, 2003 when I asked to see any and all evidence that it was not necessary and that you assumed the meeting on June 20th would suffice. I had to request access to this "evidence" before the expulsion hearing a second time in writing to you before you made it available. We were not allowed to review this material back in March or question people directly that were involved in the incident. We were told by Mr. Waight that we would "just have to trust us as school administrators that we did a thorough investigation". We were also told by Mr. Waight that he would not allow us to meet with the list of people we provided who were involved in the incident. He said he would only meet with the three of us, me, my husband, and my son. He also said he would not meet with us if we brought a lawyer. I consider all of these refusals to be a denial of James' right to due process, not only concerning your own rules in the student handbook, but state and federal law.

As we are just receiving this information today regarding the present and past suspensions, per the student handbook we will need adequate time to review it with our advocates and prepare for the expulsion hearing. We will forward to you as soon as possible a list of all individuals involved that we will need to question during the hearing.

Sincerely,
*Susan Pomeroy*
Susan Pomeroy

Cc: sl
jg

# ASHBURNHAM-WESTMINSTER REGIONAL SCHOOL DISTRICT
*Office of the Superintendent*

2 Narrows Road, Suite 101  (978) 874-1501
Westminster, MA  01473  fax (978) 874-7300

Charles F. Thibodeau, Jr. – Superintendent of Schools    Ernest A. Muserallo – Business Administrator

June 26, 2003

Mr. and Mrs. James Pomeroy, Sr.
79 West Shore Drive
Ashburnham, MA 01430-1098

Dear Mr. and Mrs. Pomeroy, Sr.:

On Tuesday, June 24, 2003, from 1:00 – 2:30 P.M., an expulsion hearing for James Pomeroy, Jr. was held in the Principal's Office at Oakmont Regional High School.

The expulsion hearing resulted from a second ten-day suspension for alleged violation of Oakmont Regional High School's Chemical Health Policy.

After careful consideration of the testimony presented in either written and oral forms by school administrators, the Pomeroy family members present, and the three young women who were involved in these incidents with James, I must inform you that James Pomeroy, Jr. is expelled from the schools of the Ashburnham-Westminster Regional School District for violation of the Chemical Health Policy.

Very truly yours,

Charles F. Thibodeau, Jr.
Superintendent of Schools

Copies to:    Student File
              William A. Waight, II, Principal
              D. Jeffrey Lawrence, Assistant Principal