

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES S. POMEROY SR., and )
JAMES S. POMEROY JR., )
(Deceased) )
    Plaintiff, )
)
v. )    C.A. NO. 03-40283NMG
)
ASHBURNHAM WESTMINSTER )
REGIONAL SCHOOL DISTRICT, )
    Defendant. )
_____ )

## MOTION FOR MORE DEFINITE STATEMENT

Defendant Ashburnham Westminster Regional School District respectfully moves the Court to order plaintiff James S. Pomeroy to provide a more definite statement of the plaintiffs' claims and to specify the relief sought by the plaintiffs in the present lawsuit. Rule 12(e) Fed.R.Civ.P. As grounds for this motion, the defendant states that the Complaint is so vague and ambiguous in its allegations that the defendant cannot reasonably be required to frame a responsive pleading.

The defects complained of and the details requested are as follows:

1.    The Complaint Is Not Sufficiently Specific To Give Notice Of The Relevant Facts And Circumstances Which, If Proved, Establish A Basis For Recovery.

The Court should order the plaintiffs to revise and/or supplement their Complaint to set forth, in a clear and concise manner, facts sufficient to provide notice of the specific conduct which forms the basis of the plaintiffs' claim of liability. The Complaint, as pled, states that James S. Pomeroy Jr. was suspended from school on June 10, 2003 for "the alleged distribution of drugs" and further states that James S. Pomeroy Jr. "was refused to have counsel, talk with

parents, face witnesses." *See* Complaint. The Complaint asserts that defendant "violated M.G.L. c. 37 + 37 ½ in addition to <u>Goss v. Lopez</u>, 419 U.S. 565 (1975)." <u>Id.</u> Since the Supreme Court held in <u>Goss</u> that due process generally does <u>not</u> require the measures referenced in the Complaint for short disciplinary suspensions from school, the Court should order the plaintiffs to provide a clear and concise statement of facts relative to the alleged suspension which make the defendant's alleged denial of the plaintiffs' proposed measures a deprivation of due process.

The plaintiffs' reference to <u>Goss v. Lopez</u>, 419 U.S. 565 (1975) suggests that they intend to assert a deprivation of procedural due process by reason of the defendant's alleged denial of certain rights afforded suspects in a criminal trial. Notably, the Supreme Court in <u>Goss</u> "stop(ped) short of construing the Due Process Clause to require, countrywide, that hearings in connection with short suspensions must afford the student the opportunity to secure counsel, to confront and cross-examine witnesses supporting the charge, or to call his own witnesses to verify his version of the incident." 419 U.S. at 583. The Supreme Court held that to impose in each case of a brief disciplinary suspension (10 days or less) "even truncated trial-type procedures might well overwhelm administrative facilities in many places and, by diverting resources, cost more than it would save in educational effectiveness." <u>Id.</u> "Further formalizing the suspension process and escalating its formality and adversary nature may not only make it too costly as a regular disciplinary tool but also destroy its effectiveness as part of the teaching process." <u>Id.</u> Rather, the Supreme Court held that informal give and take between the school disciplinarian and subject of discipline, preferably before the suspension, is generally sufficient to satisfy due process.

The Complaint does not allege that the deceased plaintiff was denied notice of the

allegations upon which his suspension was based, nor that he was denied, at a minimum, the functional equivalent of an opportunity of verbal give-and-take with the school disciplinarian. As the suspension was allegedly imposed on June 10, near the end of the school year, it seems likely that the suspension was one of short duration.

As the Complaint is presently pled, the defendant must guess at what material circumstances form the basis of the plaintiffs' Complaint, guess at the plaintiffs' cause of action or legal theory and attempt to frame a response to the Complaint based on its interpretation of the plaintiffs' intent. It is the plaintiffs' responsibility to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) Fed.R.Civ.P. The present Complaint does not show that the pleader is entitled to relief, and a more clear and concise pleading is necessary.

The defendant respectfully moves the Court to order the plaintiffs to amend their Complaint to provide notice of (1) the occurrence or lack of a hearing before or after the suspension was imposed; (2) the duration of the suspension imposed; (3) any pertinent special circumstances alleged by the plaintiffs in support of their evident claim that the basic notice and hearing rights discussed in Goss were constitutionally inadequate; and (4) specifically what federally or constitutionally mandated measures were denied the deceased plaintiff which support the plaintiffs' claim. Such specification and detail would permit the defendant to frame a pleading responsive to the allegations and circumstances, or to file a well reasoned motion to dismiss.

2.  **The Complaint Does Not Contain A Demand For Judgment For The Relief The Plaintiffs Seek.**

Federal Rules of Civil Procedure require that a Complaint contain a demand for judgment for the relief which the plaintiff seeks. Rule 8(a) Fed.R.Civ.P. The present Complaint contains no demand for judgment, nor is it evident from the Complaint what relief the plaintiffs seek. The Court should order the plaintiffs to amend their Complaint to state the relief which they seek.

The Complaint makes no explicit demand for monetary or injunctive relief. It cites no statutory basis for recovery which necessarily identifies the manner of relief sought. The plaintiffs allege violation of "M.G.L. c. 37 and 37 ½," possibly intending to refer to M.G.L. c. 71, §§ 37H and 37H ½, which provide a means to challenge a school administrator's suspension of a student. Though a suspension imposed in violation of §§ 37H and 37H ½ may be overturned, this law can provide no practical or meaningful relief to the plaintiffs because the minor plaintiff who was suspended is evidently deceased.[1]

Given the demise of the minor plaintiff, no meaningful injunctive relief is available to the plaintiffs on the present Complaint. No allegation of harm compensable by monetary damages is alleged in the Complaint. The Court should order the plaintiffs to amend their Complaint to set forth a demand for judgment for the relief which they seek or otherwise strike the pleading..

3.  **The Complaint Does Not Allege Facts Which Establish The Plaintiffs' Standing.**

The Complaint does not allege facts which establish the standing of the plaintiff James S. Pomeroy Sr. to assert a claim under federal law in his own right for an alleged deprivation of due

---

[1] On information and belief, the minor deceased plaintiff died an untimely and accidental death while engaged in activities in no way related to his matriculation at the defendant's school.

process rights of another person. The Complaint does not allege facts which establish that plaintiff James S. Pomeroy Sr. has standing to assert a claim under state and federal law in a representative capacity for the estate of deceased claimant James S. Pomeroy, Jr. Absent pleading of a viable *prima facie* claim by a party having standing to assert such a claim, the defendant should not be required to answer the Complaint.

A plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third-parties." Secretary of State of Maryland v. Joseph H. Munson Co., Inc., 467 U. S. 947, 955 (1984) quoting Warth v. Seldin, 422 U.S. 490, 499 (1975); See U.S. v. Crowell, 586 F.2d 1020, 1026-1027 (4th Cir. 1978)(An interpersonal relationship with the subject of a search proscribed by the Fourth Amendment s cannot make a "victim" of one who is not searched). The "rights" asserted by James S. Pomeroy Sr. in the Complaint appear to be those of his deceased son. There is no allegation of deprivation of the surviving plaintiff's federally protected rights.

The Complaint, as pled, indicates an attempt by James S. Pomeroy Sr. to assert a claim for recovery of damages for alleged deprivation of the rights of James S. Pomeroy Jr., deceased. The Complaint pleads no legal capacity of James S. Pomeroy Sr. to act in a representative capacity for the estate of the deceased. Accordingly, the Complaint does not provide any basis for confirming or challenging the plaintiff's standing to assert a claim.

The defendant moves the Court to order the plaintiffs to plead facts which, if proved, establish plaintiff James S. Pomeroy Sr.'s capacity and legal standing to assert claims on behalf of the deceased plaintiff (i.e. as administrator or executor of the estate of James S. Pomeroy Jr., deceased) and/or to plead facts which allege a viable claim for relief in the plaintiff's own right,

-5-

or in the alternative to dismiss the Complaint.

WHEREFORE, the defendant respectfully move the Court to Order the plaintiffs to amend their Complaint to provide a more definite statement of their cause of action, its factual basis and the relief which they seek by their lawsuit.

> Respectfully Submitted,
>
> The Defendant,
> ASHBURNHAM WESTMINSTER REGIONAL
> SCHOOL DISTRICT,
> By its attorneys,
>
> /s/ William P. Breen, Jr.
> William P. Breen, Jr. BBO# 558768
> Joseph T. Bartulis BBO# 561025
> MURPHY, HESSE, TOOMEY & LEHANE, LLP
> 300 Crown Colony Drive, Suite 410
> Quincy, MA 02169
> (617) 479-5000

Dated: December 31, 2003

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on this 31st day of December, 2003, he served a copy of the foregoing Motion for More Definite Statement via first class mail, upon the following:

James S. Pomeroy
79 West Shore Drive
Ashburnham, MA 01430

William P. Breen, Jr.