UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                  )
JAMES S. POMEROY SR.,             )
        Plaintiff,                )
                                  )
v.                                )       C.A. NO.  03-40283FDS
                                  )
ASHBURNHAM WESTMINSTER            )
REGIONAL SCHOOL DISTRICT,         )
        Defendant.                )
                                  )
```

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Defendant Ashburnham Westminster Regional School District (hereinafter "AWRSD") has moved the Court to dismiss Plaintiff James S. Pomeroy, Sr.'s (hereinafter "plaintiff") Complaint for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). AWRSD respectfully moves the Court to dismiss the plaintiff's claim.

The Court should dismiss the Complaint because it does not allege a deprivation of the Plaintiff's decedent's federal rights which can support liability under Title 42 U.S.C., § 1983. Even had the Complaint alleged a colorable deprivation of the Plaintiff's decedent's federal right to procedural due process by AWRSD, the Plaintiff's claim must fail because an adequate post deprivation remedy was available to the plaintiff's decedent under state law. Accordingly, the Court should dismiss the Complaint.

As a further grounds for dismissal of the Complaint, AWRSD states that the claim which the Plaintiff would assert on behalf of his decedent did not survive his decedent's death. Accordingly, the Plaintiff cannot prevail and the Court should dismiss the Complaint.

## RELEVANT FACTS, ALLEGATIONS AND PROCEEDINGS

The Complaint asserts that AWRSD violated "M.G.L. c. 37 and 37 ½ in addition to *Goss v. Lopez*, 419 U.S. 565 (1975)."[1]  *See* Compl., Exh. A.  AWRSD presumes and understands that the Plaintiff intends to seek damages under Title 42 U.S.C., § 1983 for alleged deprivation of his decedent's procedural due process rights under the Fourteenth Amendment to the United States Constitution.

Accepting the allegations of the Complaint as true for the purpose of this Motion to Dismiss[2], the relevant facts as alleged by Plaintiff are as follows.  The Plaintiff's decedent was suspended from Oakmont High School on June 10, 2003 for his second violation of the Oakmont Chemical Health Policy.  *See* Compl., attached as "Exh. A."  Notification of this suspension and of a scheduled expulsion hearing was sent by letter to the Plaintiff on June 10, 2003.  See "Exh. A" to Plaintiff's Reply to Motion For More Definite Statement.  The Plaintiff takes issue with the notification of suspension provided by AWRSD because it did not explicitly state what procedural rights the decedent would have at the expulsion hearing that followed.  See *Id.*  The Plaintiff alleges that his decedent was denied representation by a lawyer of advocate at the expulsion hearing and was denied the right to question witnesses at this hearing. *Id.*

In response to the Complaint, which is no model of clarity, AWRSD filed a Motion for More Definite Statement.  *See* Def.'s Motion, attached as Ex. B.  The Court allowed Defendant's Motion for More Definite Statement by Order dated February 9, 2004.  *See* Notice of Order, attached as

---

[1]Decedent assumes for the purposes of this motion that Plaintiff intends to refer to M.G.L. c. 71, §§ 37H, and 37H½ .

[2]Indeed, Defendant denies most, if not all, of the material, substantive allegations set forth in Plaintiff's Complaint.

"Exh. C." Subsequently, the Plaintiff filed a Reply to Motion for More Definite Statement. *See* Reply, attached as "Exh. D." AWRSD's present motion addresses the purported cause of action asserted in substance in the Complaint and Reply collectively.

In his Reply, the Plaintiff apparently alleges that his decedent was deprived of his right to procedural due process under the Fourteenth Amendment in relation to his expulsion. The Plaintiff asserted that the notification of the expulsion hearing was inadequate because it did not contain all rights due to the student under M.G.L. c. 71, §§ 37H, 37H½. *See* Reply, Exh. D, p. 1. The Plaintiff asserted that his decedent was entitled to full due process under *Goss v. Lopez*, but later argues in the same document that the limited hearing rights referenced in *Goss* only pertain to short disciplinary suspension hearings, not to expulsion hearings, thus apparently rejecting *Goss*'s applicability. *See* Reply, Exh. D, pp. 1, 3. The Plaintiff continues by asserting that this was an expulsion hearing, "so full rights to due process similar to a criminal case should apply." *See* Reply, Ex. D, Page 3. Plaintiff also asserts that his decedent was entitled to due process as detailed on page fifteen of the Oakmont Student Handbook under "Expulsion." *See* Reply, Exh. D, Page 1. In the Reply, Plaintiff also alleges that Decedent's Fourth Amendment rights were violated because he was illegally searched by Defendants. *See* Reply, Exh. D, Page 3. Finally, Plaintiff alleges that Decedent's Eighth Amendment rights were violated because he was removed from school without a proper hearing.[3] *See* Reply, Exh. D, Page 3.

AWRSD denies that the plaintiff's decedent was denied procedural due process and denies that it is liable to the Plaintiff.

---

[3]The 8th Amendment is inapplicable to the present case as the plaintiff's decedent was not to the AWRSD's knowledge, convicted on criminal charges.

## ARGUMENT

### I.    THE APPLICABLE STANDARD OF REVIEW

Although the Court is required to view the facts as presented in the Complaint, and all reasonable inferences to be drawn therefrom, in a light most favorable to the plaintiff, "[t]he pleading requirements, though minimal, are not non-existent." *Romero-Barcelo v. Hernandez-Agosto*, 75 F.3d 23, 35 (1st Cir. 1996). For pleading purposes, the dividing line between sufficient facts and insufficient conclusions is often blurred, but it nonetheless exists. Only when the necessary conclusions are logically compelled, or at least supported, by the stated facts, that is, when the suggested inference rises to what experience indicates is an acceptable level of probability, do "conclusions" become "facts" for pleading purposes. *See Id.* at 53. The Court "need not credit purely conclusory allegations, indulge in rank speculation, or draw improbable inferences." *National Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 736 (1st Cir.), *cert. denied*, 515 U.S. 1103 (1995).

When the Court relies on matters outside the pleadings presented in support of a motion to dismiss, the motion should be treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b). A principle purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted and applied in a way that allows it to accomplish this purpose. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. *See Pederson v. Time, Inc.*, 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not have the burden of proof at trial, this burden may be met by either submitting affirmative evidence that negates an essential element of the

-4-

opponent's case or "by demonstrating that the proof of that element is unlikely to be forthcoming at trial." *See Flesner v. Technical Communication Corp.*, 410 Mass. 805 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. *Pederson*, 404 Mass. at 17.

II.     THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT DOES NOT ALLEGE, NOR CAN THE PLAINTIFF PROVE A COMPENSABLE DEPRIVATION OF PROCEDURAL DUE PROCESS.

The Court should dismiss the Complaint because the Plaintiff has not pled nor can he prove a compensable deprivation by AWRSD of his decedent's right to procedural due process. The protections afforded the Plaintiff's decedent at his expulsion hearing met or exceeded the minimum protections to which the decedent was entitled under federal law. Even if the procedural protection afforded the Plaintiff's decedent at this expulsion hearing fell short of what was required by federal law, which AWRSD denies, the Plaintiff cannot prevail because there existed available post deprivation remedies for the deprivation under state law.

No remedy exists directly under the Constitution for deprivation of federal rights by a state actor which can afford the Plaintiff damages as relief. The Complaint alleges deprivation of procedural rights under state law, makes reference to a Supreme Court case which interpreted provisions of the United States Constitution and demands monetary and injunctive relief. AWRSD presumes that the Complaint is intended to state a claim for relief under Title 42 U.S.C., § 1983.

Title 42 U.S.C., § 1983 does not confer any substantive rights on a civil rights claimant but, rather, provides a vehicle for the protection and vindication of rights secured by the United States Constitution or by federal law. *See Baker v. McCollan*, 443 U.S. 137, 146 n.3 (1979); *Boveri v.*

-5-

*Town of Saugus*, 113 F.3d 4, 6 (1st Cir. 1997). A plaintiff in a civil rights action under § 1983 must plead and prove, by a preponderance of the evidence, that a person acting under color of state law deprived him of a constitutional or federally-protected right. *See* 42 U.S.C. § 1983 (1996); *Tatro v. Kervin*, 41 F.3d 9, 14 (1st Cir. 1994).

"In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Zinerman v. Burch*, 494 U.S. 113, 125 (1990) (*quoting Parratt v. Taylor*, 451 U.S. 527, 537 (1981)). The application of this prohibition requires a well-settled , two step analysis. First, the court must decide whether the asserted interest is encompassed within the Fourteenth Amendment's protection of "life, liberty or property." If protected interests are implicated, the court must decide what procedures constitute "due process of law." *Ingraham v. Wright*, 430 U.S. 651, 672 (1977).

The Plaintiff's decedent's property interest at issue is presumably a right to a free public school education under Massachusetts law. "Once it is determined that due process applies, the question remains what process is due." *Goss v. Lopez*, 419 U.S. 565, 577 (1975). Interpretation and application of the Due Process Clause does not lend itself to a set of inflexible procedures universally applicable to every imaginable situation. *See id.* at 578. Moreover, judicial interposition in the operation of the public school system raises problems requiring care and restraint because, by and large, public education is committed to the control of state and local authorities. *See id., citing Epperson v. Arkansas*, 393 U.S. 97, 104 (1968).

A.    AWRSD Did Not Deprive The Plaintiff's Decedent Of Procedural Due Process.

The process implemented by AWRSD to expel the Plaintiff's decedent from school did not deprive the Plaintiff's decedent of his procedural due process rights.[4] A student's procedural rights when being expelled are limited. *See S.W. v. Holbrook Public Schools*, 221 F.Supp.2d 222, 229 (D.Mass.2002). In *S.W. v. Holbrook*, the Court noted with approval a recent Seventh Circuit decision which explained that

> To comport with due process, expulsion procedures must provide the student with a meaningful opportunity to be heard. The proceedings need not, however, take the form of a judicial or quasi-judicial trial. As long as the student is given notice of the charges against him, notice of the time of the hearing and a full opportunity to be heard, the expulsion procedures do not offend due process requirements.

Id.

Even accepting as true the Plaintiff's account of procedure followed by AWRSD at his decedent's expulsion hearing, the Plaintiff's decedent received all the procedural due process rights to which he was entitled. The decedent was given written notice of the expulsion hearing by letter dated June 10, 2003. *See* Exh. D, Page 4. The letter clearly states that the plaintiff's decedent was charged with violating the Oakmont Chemical Health Policy and contains an excerpt of said policy. *See* Ex. D, Page 4. The letter also states that the plaintiff's decedent's offense was serious and that he had violated the policy on more than one occasion. *See* Ex. D, Page 4. The plaintiff's decedent was given both notice of the hearing and an opportunity to be heard, thus satisfying the procedural

---

[4]Because Decedent was facing expulsion as opposed to a short suspension, not exceeding 10 days, reliance by Plaintiff on *Goss v. Lopez* is misplaced. The authors of the *Goss* opinion "addressed (themselves) solely to the short suspension, not exceeding ten days. *See Goss v. Lopez*, 419 U.S. 565 (1975). Suspensions which exceed 10 days and expulsions may require "more formal hearings," but the Supreme Court left to the lower courts the task of determining the proper procedures. *See id.* at 584.

-7-

due process standards. Therefore, the Court should dismiss the plaintiff's claim for deprivation of his decedent's procedural due process rights.

A primary contention by the plaintiff appears to be that Decedent was not afforded proper notice of his rights under M.G.L. c. 71, §§ 37H and/or 37H½. Section 37H states that a student who is possession of a controlled substance while on school premises may be subject to expulsion from the school by the principal. *See* M.G.L. c. 71, § 37H(a). It also provides that any student who is charged under subsection (a) "shall be notified in writing of an opportunity for a hearing; provided however, that the student may have representation, along with the opportunity to present evidence and witnesses at said hearing before the principal." M.G.L. c. 71, § 37H(c). Section 37H½ provides that students charged with or convicted of a felony may be expelled from school if the principal determines that "the student's continued presence in school would have a substantial detrimental effect on the general welfare of the school." *See* M.G.L. c. 71, § 37H½(2). Before the expulsion takes effect, the student "shall receive written notification of the charges and the reason for such expulsion." *Id*. The student must also receive written notification of his right to appeal and the process for appealing such expulsion. *See id*.

In enacting these provisions, which include certain appeal procedures, the Massachusetts Legislature went ***beyond*** the minimum requirements of due process. Failing to follow these additional safeguards does not expose schools to liability under the Due Process Clause. *See Rogers v. Okin, M.D.*, 738 F.2d 1 (1st Cir.1984) (holding that where procedural protections under state law exceed the minima required by the federal due process clause, actions that violate state law may nonetheless satisfy the requirements of federal due process). "It is well established that a state actor's failure to observe duty imposed by state law, standing alone, is not sufficient to establish a

§ 1983 claim." *Fournier v. Reardon*, 160 F.3d 754. 757 (1st Cir.1998) (*quoting Martinez v. Colon*, 54 F.3d 980, 989 (1st Cir.1995)). "Although it is true that constitutional significance may attach to certain interests created by state law, not every transgression of state law does double duty as a constitutional violation." *Id.*

The additional protections which the Plaintiff claims were not afforded his decedent prior to his expulsion were above and beyond what AWRSD had to provide to the Plaintiff's decedent in order to conform with the federal requirements of procedural due process. As such, any failure to provide the Plaintiff's decedent with these additional protections does not rise to the level of a constitutional violation. Since the Plaintiff cannot support a claim under § 1983 based on alleged deprivation of his decedent's procedural due process right, the Court should dismiss this claim.

Moreover, it is plain from Exhibits B and D of the Plaintiff's Reply that any alleged failure to list specifically those procedural protections available to the Plaintiff's decedent was of no practical consequence whatsoever, and did not damage the Plaintiff's decedent in any practical manner because the Plaintiff had actual knowledge of the procedures as to which notice was allegedly not provided well before the hearing. A letter sent by the Plaintiff's decedent's mother to AWRSD on June 13, 2003, a full week before the hearing, quotes specifically from the list of rights in the Oakmont Student Handbook which the Plaintiff claims were not contained in the notice. See Exhibit D. The Plaintiff cannot have been harmed in any material way by the failure to recite matters well known and available to the Plaintiff prior to a hearing held on his decedent's expulsion.

The plaintiff can assert no deprivation of procedural due process which can support liability. Accordingly, the Court should dismiss his Complaint.

B.      The Plaintiff's Decedent Cannot Prevail Because There Was an Available
        Post Deprivation Remedy For Any Alleged Deprivation of Due Process

The Plaintiff's claim based on alleged deprivation of procedural due process is also barred

by operation of the *Parratt-Hudson* doctrine because his decedent could have pursued adequate post

deprivation remedies under state law.  Under the *Parratt-Hudson* doctrine:

> When a deprivation of a property interest is occasioned by random and unauthorized
> conduct by state officials . . . the [Supreme] Court has repeatedly emphasized that the
> due process inquiry is limited to the issue of the adequacy of postdeprivation
> remedies provided by the state.

*Lowe v. Scott*, 959 F.2d 323, 340 (1st Cit.1992).[5]   In cases where a pre-deprivation hearing is not

possible, there is no denial of procedural due process, regardless of whether the official's action was

negligent or intentional, so long as the state provides an adequate means of redress. *See Parratt*, 451

U.S. at 543-44; *Hudson*, 468 U.S. at 536-37; *Herwins v. The City of Revere*, 163 F.3d 15 (1st Cir.

1998); *Romero-Barcelo v. Hernandez-Agosto*, 75 F.3d 23, 33 (1st Cir.1996); *Brown v. Hot, Sexy and

Safer Productions, Inc.*, 68 F.3d 525, 534-37 (1st Cir.1995). The rationale for this doctrine is logical:

without it, "federal suits might be brought for countless local mistakes by officials in administrating

the endless array of state laws and local ordinances" *Herwins*, 163 F.3d. at 19.  As long as state

remedies are adequate, federal courts have left it to state courts and agencies to correct "random and

individual errors." *See id.*

Even if the Plaintiff could prove that the written notice of hearing was deficient by reason

_____

[5]The First Circuit rejected the notion that the Supreme Court's later decision in *Zinermon
v. Burch*, 494 U.S. 113 (1990) undermined the P*arratt-Hudson* doctrine in any way. *See Herwins
v. City of Revere*, 163 F.3d 15 (1st Cir.1998). *Zinermon* was a case in which state law *did*
authorize the procedure followed so that the act of the officials could not be described as
"random and unauthorized." *See O'Neill v. Baker*, 210 F.3d 41 (2000).  Such is not the case
here.

-10-

of its failure to explicitly recite procedures published in the Oakmont Student Handbook, which were available and actually known to the Plaintiff prior to his decedent's expulsion hearing, or could prove that he was not given full opportunity to be heard, which AWRSD denies, Massachusetts laws provides an adequate post deprivation remedy for the wrong alleged. A student expelled under the provisions of Chapter 71, section 37H has a right to appeal the expulsion to the superintendent and must notify the superintendent of his appeal within ten days of the date of expulsion. *See* M.G.L. c. 71, § 37H(d). A student expelled pursuant to Chapter 71, section 37H½ likewise has a right to appeal the expulsion. *See id.* The Plaintiff's decedent could have filed an appeal of his expulsion with the superintendent under either M.G.L. c. 71, § 37H or §37H½. Thereafter, if the Plaintiff's decedent wanted judicial review of the superintendent's decision on appeal, he could have sought relief under M.G.L. c. 249, § 4. *See Doe v. Superintendent of Schools of Stoughton*, 437 Mass. 1 (2002).

Since Massachusetts law provided the Plaintiff's decedent an adequate postdeprivation remedy for alleged deprivation of his procedural due process rights under the Fourteenth Amendment, the Court should dismiss the Complaint.

III.    PLAINTIFF JAMES S. POMEROY, SR. LACKS STANDING TO BRING CLAIMS
        INDIVIDUALLY AS DISTINCT FROM THOSE OF DECEDENT.

To the extent that the Plaintiff seeks to recover damages or seeks relief in an individual and non-representative capacity, the Plaintiff lacks standing because the rights allegedly denied are those of his decedent and not the Plaintiff's. Under Article III of the Constitution, the judicial power of the United States is limited to the resolution of "cases" or "controversies" arising under the Constitution or Law of the United States. *See* U.S. CONST. art. III. The Courts have long

-11-

interpreted this limitation to mean that a litigant must have standing to challenge the action. *See Benitez v. Collazo-Collazo*, 888 F.2d 930, 932 (1st Cir.1989). If a party lacks standing, federal court is not an appropriate forum. *See id., citing Ashwander v. TVA*, 297 U.S. 288, 345 (1936). With regard to standing, it is clear that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third-parties." *Secretary of State of Maryland v. Joseph H. Munson Co., Inc.*, 467 U. S. 947, 955 (1984), *citing Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Benitez,* 888 F.2d at 930.

The rights asserted by the Plaintiff in the Complaint are those of his decedent. The Complaint does not allege that the Plaintiff's own federally protected rights were in any way abrogated. In fact, the Complaint does not even allege that the Plaintiff has legal capacity to act in a representative capacity for the estate of his decedent though AWRSD is aware that the Plaintiff claims to have been appointed as Administrator of his decedent's estate. Accordingly, the Court should dismiss the Complaint to the extent that the Plaintiff lacks standing.

IV.    DECEDENT'S CLAIMS UNDER 42 U.S.C. § 1983 FOR ALLEGED DEPRIVATION OF PROCEDURAL DUE PROCESS ABATED ON HIS DEATH

The Plaintiff's cause of action against AWRSD under 42 U.S.C. § 1983 for alleged deprivation of his decedent's federally protected rights abated with his death and thus the present lawsuit must be dismissed. The decision as to the applicable survivorship rule is governed by 42 U.S.C. § 1988. See 42 U.S.C. § 1988 (2000); *Robertson v. Wegmann*, 436 U.S. 584, 588 (1978) (holding that Louisiana survivorship statute applied to section 1983 suit resulting in abatement of cation because of death of plaintiff). This statute recognizes that in certain areas federal law is unsuited or insufficient to furnish suitable remedies, and does not cover every issue that may arise

-12-

in the context of a federal civil rights action. *See id.* When federal law is deficient, § 1988 directs

one to turn to turn to state law to provide the rule of abatement. *See* 42 U.S.C. § 1988.

One area not covered by federal law is the survival of civil rights actions under § 1983 upon

the death of the either the plaintiff or defendant. *See Moor v. County of Almeda*, 411 U.S. 693, 702

n. 14 (1973). Massachusetts, however, does have a statute governing the survival of state actions.

*See* M.G.L. c. 228, § 1. Under § 1988, Massachusetts's survivorship statute provides the principle

reference point in determining the survival of civil rights actions. *See Robertson*, 436 U.S. at 589-

90. Of course, this reference to state law is subject to an important proviso - that the state law may

not be applied when it is inconsistent with the Constitution and law of the United States. *See* 42

U.S.C. § 1988 (2000).

The Massachusetts survivorship statute provides a non-exhaustive list of ***torts*** that survive

the death of an injured party. In addition to those actions that survive at common law, actions of tort

for (a) assault, battery imprisonment or other damage to the person, (b) for consequential damages

arising out of injury to the person and consisting of expenses incurred by a husband, wife, parent or

guardian for medical services, (c) for goods taken or carried away or converted, or (4) for damage

to real or personal property, survive the death of the plaintiff. *See* M.G.L. c. 228, § 1(2). So do

actions for replevin and actions against sheriffs and deputies for their misconduct or negligence. *See*

M.G.L. c. 228, § 1(1) and (3). The general rule, however, is that a Plaintiff's cause of action does

not survive his death, and the statute does not exempt constitutional causes of action from this

treatment. *See id.*

The Court should apply Massachusetts's survivorship statute to this case because it is not

inconsistent with the Constitution and law of the United States. As the *Robertson* Court noted, there

-13-

is nothing in 42 U.S.C. § 1983 or its underlying policies to indicate that a state law causing abatement of a particular action should invariably be ignored in favor of absolute survivorship. *See Robertson*, 436 U.S. at 590. One of the policies underlying § 1983 is to provide compensation to persons injured by deprivation of federal rights. *See id.* However, "[t]he goal of compensating those injured by a deprivation of rights provides no basis for requiring compensation of one who is merely suing as the executor of the deceased's estate." *Id.* at 592. Therefore, § 1983's policies would not be undermined if the decedent's claim abates at his death. *See id.*

The Court should find that any action that James S. Pomeroy, Jr. possessed against Defendant under 42 U.S.C. § 1983 for the alleged deprivation of his federally protected rights, whether those rights be found in the Fourth, Eighth or Fourteenth Amendments, abated with his death. *See* M.G.L. c. 228, § 1. Neither Decedent's parents nor the administrators of estate can prosecute any such action on his behalf, because such actions no longer exist. Accordingly, the Court should dismiss the Complaint.

V.    NEITHER THE COMPLAINT NOR THE REPLY ALLEGES FACT WHICH SUPPORT THE ALLEGATION THAT AWRSD DEPRIVED THE PLAINTIFF'S DECEDENT OF HIS FOURTH AMENDMENT RIGHTS.

The Plaintiff's assertion that AWRSD violated his decedent's Fourth Amendment rights because he was "illegally searched" should be also be dismissed. Neither the Complaint nor the Reply alleges any facts to support his assertion that decedent was illegally searched by AWRSD. AWRSD denies that an illegal search took place.

The Plaintiff was ordered to make a more definite statement of his claim. Incumbent in the obligation imposed on the Plaintiff to make a more definite statement was and obligation to divulge

the basis for his claims against AWRSD. However, the Plaintiff alleges no facts to give notice of the basis of his evident claim that his decedent's Fourth Amendment right was violated. Accordingly, the Court should dismiss the Complaint to the extent it is premised on an alleged deprivation by AWRSD of the Plaintiff's decedent's Fourth Amendment rights.

VI.    THE PLAINTIFF'S DECEDENT'S EIGHTH AMENDMENT RIGHTS WERE NOT VIOLATED

The Plaintiff cannot sustain a claim against AWRSD for the alleged violation of his decedent's Eighth Amendment rights because his decedent was not, on information and belief, convicted of a crime. Every decision of the United States Supreme Court considering whether a punishment is 'cruel and unusual' within the meaning of the Eighth and Fourteenth Amendments has dealt with criminal punishment." *See Ingraham v. Wright*, 430 U.S. 651, 667 (1977) (plurality opinion).    The Cruel and Unusual Punishment Clause simply does not apply to disciplinary punishment in public schools.

In evaluating Plaintiff's claim for the alleged violation of Decedent's rights under the Eighth Amendment, the Court should be guided by the Supreme Court's holding and analysis in *Ingraham*. *See* 430 U.S. 651. In *Ingraham*, Florida junior high school students brought a civil rights action alleging that they had been subjected to disciplinary corporeal punishment in violation of their Eighth Amendment rights. *See id.* After finding that the Cruel and Unusual Punishment Clause applied to criminal punishment, the court declined to "wrench the Eighth Amendment from its historical context and extend it to traditional disciplinary practices in the public schools." *Id.* at 669. Since the Cruel and Unusual Punishment plainly does not apply to traditional disciplinary practice in public schools, the Court should dismiss the Complaint.

-15-

VII.    THE COMPLAINT DOES NOT STATE A *PRIMA FACIE* CLAIM OF
        GOVERNMENTAL LIABILITY AGAINST AWRSD

The Complaint and Reply do not assert a claim against AWRSD under 42 U.S.C. § 1983 for

governmental liability.  Accordingly, the Court should dismiss the present lawsuit.

Governmental entities are not liable under 42 U.S.C. § 1983, either under ordinarily

applicable principals of vicarious liability or *respondeat superior*, merely because they employ a

tortfeasor.  *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  "In enacting

§ 1983, Congress did not intend to impose liability unless deliberate action attributable to a

(governmental entity) itself is the 'moving force' behind the plaintiff's deprivation of federal rights."

*Monell*, 436 U.S. at 694.  In order to establish liability against a municipality under § 1983, a

plaintiff must identify a policy or custom that caused the alleged constitutional violation.  *See id.*

Requiring proof of a governmental policy "ensures that a (governmental entity) is held liable only

for those deprivations resulting from the decisions of its duly constituted legislative body or those

officials whose acts may fairly be said to be those of the municipality."  *Id.*  The Plaintiff must also

prove a direct link between the policy, statement or custom and the constitutional violation.  *See*

*Bowen v. City of Manchester*, 966 F.2d 13, 18 (1st Cir. 1992).  "[I]solated instances of

unconstitutional activity [by subordinates] ordinarily are insufficient to establish a supervisor's

policy or custom, or otherwise show deliberate indifference."  *Maldanado-Denis v. Castillo-*

*Rodriquez*, 23 F.3d 576, 582 (1st Cir. 1994).

Plaintiff has failed to establish a *prima facie* case for government liability.  Plaintiff does not

allege the existence of an official policy, statement or custom of AWRSD which caused its

employees to deny the Plaintiff's decedent his civil rights.  Nor does the Plaintiff allege a direct link

between any such policy and AWRSD's employees' alleged wrongdoing.  Accordingly, the Court

should dismiss the Complaint.

## CONCLUSION

WHEREFORE, for all the reasons state above, the Court should allow AWRSD'S motion

and dismiss Complaint for failure to state a claim upon which relief can be granted.


Respectfully Submitted,

The Defendant,
ASHBURNHAM WESTMINSTER REGIONAL
SCHOOL DISTRICT,
By its attorneys,


William P. Breen, Jr. BBO # 558768
Rebecca L. Andrews, BBO #644846
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02169
(617) 479-5000

Dated April 7, 2005

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on this 7th day of April, 2005, he served a copy of the foregoing Memorandum in Support of Motion to Dismiss, via first class mail, upon the following:

James S. Pomeroy
79 West Shore Drive
Ashburnham, MA 01430

William P. Breen, Jr.

-18-